## H. S. Sweatman *v.* F. M. Spears.

[Abstract Kentucky Law Reporter, Vol. 6—515.]

**Preference of Creditor.**

One may prefer one of his creditors, and his doing so is not fraudulent, but such a preference by virtue of the statute may be set aside if attacked within the given time.

### APPEAL FROM JOHNSON CIRCUIT COURT.

January 27, 1885.

Opinion by Judge Holt:

Vincent Spears having died without he and his wife, Isabel, attempting to convey either the fee or their life estate in the land in contest, renders it unnecessary to decide whether under the deed from Samuel and Elizabeth Spears of April 23, 1880, a defeasible fee or a remainder estate vested in F. M. Spears.

It matters not whether the power given in said deed to Vincent and Isabel Spears to sell and convey was intended to relate to the fee-simple title, or merely their life estate, since it was never exercised. According to the face of the deed F. M. Spears is now the owner of the land subject to his mother's right in it, and the only question to be considered is whether the conveyance was fraudulent as to the creditors of Vincent Spears.

It appears that when the deed was made the son, F. M. Spears, was about twenty-four years old, and had been married about two or three years; that for two years or more the father, Vincent Spears, had been disabled from work and that both he and his wife, Isabel, were old people; that when the son had been married about a year he was about to leave the paternal roof, under which he was even then supporting the old people and "go to himself," as the witnesses express it; that the father then agreed with him that if he would stay with him and support him and his mother, he would when he drew an expected pension pay him by paying for a piece

of land, that the son might select. The latter assented to this, and complied with the contract upon his part. The testimony shows that he contracted for the land, and that his father had nothing to do with making the trade.

Fifty dollars of the five hundred dollars purchase-money yet remains unpaid and is a lien upon the land. It will have to be satisfied by a sale of the land, or else paid by the son, as the father left no estate.

It is true that the latter paid the $450; but the only testimony in the case tends to show, that when the money was paid the father was indebted to the son under their contract to that extent, and hence it was not paid for a future support. Even if it be true that the son also agreed to continue to support him, yet the former ought not therefore to be deprived of what he was even then equitably entitled to, and although it was a preference among creditors, yet this did not make it fraudulent. In many cases it may be meritorious in a debtor to prefer some particular creditor, and his doing so is not fraudulent, but merely a preference which by virtue of the statute may be set aside if attacked within a given time, and which was not done in this instance.

It is urged that the son was under a natural obligation to support the parent, but the record shows that in this case there were several children; and the fact that the appellee, F. M. Spears, alone did it is a circumstance which speaks in favor of his claim, that there was a contract between him and his father, which legally made him a creditor of the latter when the money was paid, and the judgment below is therefore *affirmed.*

*James E. Stewart, for appellant.*